JAMES W. AIRD and ALMA W. AIRD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aird v. Commissioner
Docket No. 9480-75.
United States Tax Court
T.C. Memo 1977-86; 1977 Tax Ct. Memo LEXIS 356; 36 T.C.M. (CCH) 379; T.C.M. (RIA) 770086; March 29, 1977, Filed James W. Aird, pro se. Thomas R. Thomas, for the respondent. *357 QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency for the taxable year 1972 in the amount of $1,868.68. The issue remaining for decision is whether petitioners are entitled to a deduction under section 166(a)(1) [1] as a business bad debt deduction on account of the worthlessness of an indebtedness in the amount of $8,750. FINDINGS OF FACT At the time of the filing of the petition herein, petitioners were husband and wife and resided in Birmingham, Alabama. Petitioners filed their 1972 joint Federal income tax return with the District Director of Internal Revenue, Birmingham, Alabama. In February 1971, C.R. & S. Land Company granted an option to Nelson Weaver Realty Company to purchase land situated in Jefferson County, Alabama. Subsequently, this option was assigned to petitioner, Alma W. Aird (hereinafter referred to as petitioner). On April 14, 1971, petitioner exercised the option and initiated the land purchase with a payment of earnest money in the amount of $32,000. At the time petitioner exercised *358 the option, petitioner and Charles D. Horn agreed that they would share equally in all profits and losses resulting from the sales contract. On the same date, Mr. Horn executed a promissory note in the amount of $16,000 to pay for his half of the earnest money. This note was subsequently satisfied. Petitioner defaulted in the purchase of the property and the seller agreed to a cancellation of the contract of sale upon forfeiture of the earnest money. Petitioner and her husband deducted the $16,000 lost by the forfeiture of earnest money on their 1971 joint Federal income tax return. On July 15, 1971, Charles D. Horn assigned petitioner all his interest in the earnest money and executed a promissory note payable six months from the date of execution to petitioner in the amount of $8,280. This note was given to petitioner to compensate for one-half of her losses in the joint venture. Petitioner never received payment on the note. Petitioner and her husband deducted $8,750 on their 1972 joint Federal income tax return as a business bad debt arising from the uncollectible promissory note. Respondent contends that petitioner and her husband are not entitled to the deduction *359 on their 1972 Federal income tax return since it represents part of the $16,000 deduction on their 1971 Federal income tax return. OPINION Petitioner exercised an option to purchase certain real estate and paid $32,000 in earnest money to the seller. Petitioner and Charles D. Horn had agreed to share equally all profits or losses in the venture. Subsequently, Mr. Horn paid petitioner $16,000 for his share of the earnest money. Petitioner defaulted in the purchase and the seller agreed to a cancellation of the contract upon forfeiture of the earnest money. Petitioner and her husband deducted the $16,000 as a loss sustained on account of the forfeiture of the earnest money on their Federal income tax return for the year 1971. Subsequently, Charles D. Horn executed a promissory note in the amount of $8,280 to petitioner in payment for one-half of her losses from the joint venture.Petitioner never received payment on the note. Petitioner deducted $8,750 as a business bad debt arising from an uncollectible promissory note on the Federal income tax return filed by petitioner and her husband for the year 1972. Petitioner presented evidence of an obligation in the amount of $8,280. *360 No evidence was presented to explain the $470 discrepancy. Respondent contends that petitioner and her husband are not entitled to the deduction in 1972 since their entire loss in the joint venture was claimed and allowed as a deduction in 1971. Section 166(a)(1) provides that a deduction shall be allowed for any debt that becomes worthless during the taxable year. Pursuant to section 166(b), the amount of the deduction is limited to "the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property." In this regard, petitioner has not shown that the deduction of the entire loss in 1971 was erroneous, i.e., that there was a reasonable prospect in 1971 that she would recover any amount on the $8,280 note.Sec. 1.165-1(d)(2), Income Tax Regs. Because of her prior deduction of $16,000, petitioner's basis in the note she received on account of this loss was "zero." If the Court did allow the $8,280 deduction, petitioner would receive $24,280 in deductions when she only incurred a loss of $16,000.Petitioner initially invested $32,000. Mr. Horn paid petitioner $16,000 as his share of the earnest money, thereby reducing petitioner's *361 loss to $16,000. This $16,000 was deducted as a loss on the 1971 joint Federal income tax return filed by petitioner and her husband. After filing the 1971 joint Federal income tax return, petitioner had recovered all of her $32,000 either in cash from Mr. Horn or as a tax deduction.Accordingly, petitioner and her husband are not entitled to the bad debt deduction in the year 1972. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩